UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LEON SCOTT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. CHAN, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-01079-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 2) |

　　　　Plaintiff Rickey Leon Scott is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2019, plaintiff commenced this action by filing a complaint (Doc. No. 1) and a motion to proceed *in forma pauperis* (Doc. No. 2). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 12, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 4 at 2.) Those findings and recommendations were served on plaintiff and contained notice

1 | that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 3.)  On
2 | September 16, 2019, plaintiff filed objections to the pending findings and recommendations.
3 | (Doc. No. 6.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

Plaintiff's primary objections to the findings and recommendations are that the cases cited by the magistrate judge as prior strike dismissals were brought by plaintiff twenty-eight years ago, and that he had pro bono counsel in *Scott v. Smith*, so that case "must be viewed on [his] feeling of disgruntled for pro bono's lost on proper litigation, not [him] personally."  (Doc. No. 6 at 3) (sic).  But, the three strikes bar under 28 U.S.C. § 1915(g) is not subject to expiration or time limits; the passage of time has no effect on whether a prior dismissal constitutes a strike dismissal under the statute.  Additionally, though plaintiff asserts that he had pro bono counsel in *Scott v. Smith*, the pending findings and recommendations do not rely on the two *Scott v. Smith* cases as prior trikes, and the court's dismissal orders in those cases reflect that plaintiff had represented himself *pro se*.  *See Scott v. Smith*, 1999 U.S. Dist. LEXIS 49, No. C 98-4920 MHP (N.D. Cal. 1999); *Scott v. Smith*, 1999 U.S. Dist. LEXIS 1209, No. C 99-394 MHP (N.D. Cal. 1999).  Accordingly, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.  Furthermore, plaintiff's objections do not address the magistrate judge's finding that the allegations set forth in plaintiff's complaint are insufficient to trigger the "imminent danger of serious physical injury" exception under § 1915(g).

Accordingly:

1. The findings and recommendations (Doc. No. 4) issued on August 12, 2019, are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;

/////

2

3. Within twenty-one (21) days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action;

4. Plaintiff's failure to pay the filing fee within the specified time will result in the dismissal of this action; and

5. This matter is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **January 13, 2020**

UNITED STATES DISTRICT JUDGE