Plaintiff's Name **RICKEY LEON SCOTT**

Inmate No. **AR 5937**

Address **P.O. BOX 5246/ C-6-"167**
**CSAT-F/STATE PRISON-**
**CORCORAN. CA. 93212**

**FILED**

SEP 06 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**Rickey Leon Scott- AR5937**

(Name of Plaintiff)

**No. 1:19-CV-D1079 ADA.HBK**
**ADA-**

(Case Number)

vs.

**B. Johnson; C.C.II**
**B. Kibler; Chief Deputy Warden;**
**J. Knight Appeals Examiner;**
**M.Voong; Chief of Appeals.**
**J. Chau; Doctor;**
**J. Mendez, CDC Officer;**

(Names of all Defendants)

**RECEIVED**

SEP 06 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**AMENDED CIVIL RIGHTS COMPLAINT UNDER:**

☑ **42 U.S.C. 1983** (State Prisoner)

☐ **Bivens** Action [403 U.S. 388 (1971)] (Federal Prisoner)

**I. Previous Lawsuits** (list all other previous or pending lawsuits on additional page):

A. Have you brought any other lawsuits while a prisoner?  Yes **X**  No____

B. If your answer to A is yes, how many? _____

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

1. Parties to this previous lawsuit:

Plaintiff **Rickey Leon Scott**

Defendants **U.S. Dist Lexis 1480**

2. Court (if Federal Court, give name of District; if State Court, give name of County)
**U.S. Dist Lexis 1480**

3. Docket Number **3:92-cv-D4802**   4. Assigned Judge **M.H.P.**

5. Disposition (Was the case dismissed? Appealed?  Is it still pending?)
**Dismissed**

6. Filing Date (approx.) _____   7. Disposition Date (approx.) _____

## II. Exhaustion of Administrative Remedies

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

    A. Is there an inmate appeal or administrative remedy process available at your institution?

    Yes __X__   No _____

    B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

    Yes __X__   No _____

    C. Is the process completed?

    Yes __X__      If your answer is yes, briefly explain what happened at each level.

I'd Appealed the false Rule violation report See exhibit A: And B, Each level Allowed deprivation liability for Civil Rights of ADA-prisoner. See exhibit-C;

    No _____      If your answer is no, explain why not.

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

    A. Name B. Johnson _____ is employed as C.C.II Counselor; First level Review 602"

    Current Address/Place of Employment 2737 West Cecil Ave. Delano, Ca. 93216

B. Name  B. KIBLER  is employed as  CHIEF DEPUTY WARDEN
NORTH KERN STATE PRISON

Current Address/Place of Employment  2737 West Cecil Ave. Deland, Ca. 93216

C. Name  J. KNIGHT  is employed as  APPEAL'S Examiner; C.D.C.
M. VOONG .... CHIEF OF APPEAL'S;

Current Address/Place of Employment  P.O. Box 942883 - Sacramento, Ca 94283

D. Name  J. CHAN  is employed as  Medical Doctor at
NORTH KERN'S STATE Prison

Current Address/Place of Employment  2737 West Cecil Ave. Deland Ca. 93216

E. Name  J. MENDEZ  is employed as  C.D.C. Officer - A Clinic; at
NORTH KERN'S STATE Prison;

Current Address/Place of Employment  2737 West Cecil Ave. Deland, Ca. 93216

**IV. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

Claim 1: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

Constitutional Bases for Section 1983 Claims; (Turner test); ADA-
42 U.S.C §12101 (a) (8), (b) (1) - (2) - (2006); 8th Amendment violation(s) -
Prison official Placed (ADA in (Shu Program) - "Deliberate Indifference."

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

Senate Bill No. 2, Agency / Officer (s) liability for Civil Rights Violations
(Civil 52.1 (N)); liability for false imprisonment within (Shu progr-
am) Each of the "first four named defendant(s), "failure to Act
to Remedy a Wrong." Duffy v. Riveland, 98 F. 3d 447, 455 (9th
Cir. 1996) (hold the same with respect to prison disciplinary
hearing) "A broad (member review of 602 Appeals) rule that is
Categorically excluding "602 Appeals" from the scope of Title II

Continue Added page (2)

1  is Not the law." 42 U.S.C.S § 12132 (1994). (a) I
2  was excluded from participation in (602's Appeals
3  process) or denied the benefits of the public
4  Entity's services, programs or activities; was
5  otherwise "discriminated" Against by the
6  California Dep't of Correction(s) 602-Appeal's
7  Officials. (see Exhibit - B - C) (label Triple C.M.F.)

8          Appeal level Member's who (reviwd (REVIEW)
9  rule violation issue's do have legitimate ...
10  penological interest in considering this
11  Plaintiff's 602 appeal, when it's a false rule
12  violation, "ASSESSMENT of threat"; when there
13  wasn't a physical assault offense; Yet RVR
14  was stated as such. (seek prospective ...
15  injunctive relief.)[1] (see Exhibit A)

16          Each defendant(s) Named have violated
17  due process; deprived of liberty; See Sandin
18  v. Conner, 515 U.S 472, 484, 115 S. Ct. 2293, 2300,
19  132 L. Ed. 2d 418, 430 (1995) (see Sergeant's Lock-up-Ex-A)

20          I was given 21 month in Shu program-
21  Yet based on fact in evidence I was ...
22  statutorily eligible for a lower level rule's
23  violation; (B. Kibler, Deputy Warden, stated;
24  "Be advised, the appeal process is Not intended
25  to be a forum to rehear your R.V.R, "untrue."
26  Title 15, rule #3004 (a), (b), (c), Rights and Respect
27  of others; rule 3413 Incompatible Activity by staff;
28  Title 15 rule #3320 Hearing Procedures of R.V.R's
    fn.1./ Well-pleaded complaint must meet requirements
    of Rule 8 (a) of Federal Rule of Civil Procedure.

1  My rule violation was not an "A-1 offense; My
2  rule violation was a Div. "F" offense with
3  only credit Lost of 0-30 day's (B) (11) Harasment
4  of Another person, "I was suffering, Both legs -
5  swollen Like I had "Elephantiasis," Argumentative
6  very much so., (12) Security threat group behavior,
7  these are All Div. F offenses. (use my words Only)
8           The rules forbids Any reprisal or
9  retaliation to be taken Against you if you
10  file An honest grievance - Code of Ethics,
11  See Jenkins v Haubert 179 F.3d 19, 27 (2d Cir
12  1999) (To challenge A prisoner's disciplinary
13  segregation) see Also Turner v Safley, 482 U.S.
14  78, 90, 107 S. Ct. 2254, 2262, 96 L. Ed. 2d 64, 79
15  (1987) ("[T]here, or "Where 'other Avenues' -
16  remain Available for the exercise of the Asserted
17  right ... courts should be particularly -
18  conscious" of giving weight to prison Officials
19  decisions) ("A third consideration is the impact
20  is the Accommodation of the Asserted ...
21  Constitutional right will have on guards and inmates,
22  And on the Allocation of prison Resources generally."
23  A "ripple effect" means An indirect effect on others.
24           Procedural protection refers to the very
25  requirement that deprivations of due process Are
26  At least subject to certain procedural safeguards,
27  such As the right, to a hearing, (I'd had) ("the
28  right to counsel, or An opportunity to speak

                              - continue -


                              (3)

Continue Claim 1:

in one's own defense, which serve to protect the prisoner or the accused See, e.g., Wolff v. McDonel, 418 U.S. 539, 558, 94 S.Ct. 2963, 2976 (1974) (holding that determination of prisoners' guilt of "serious misconduct," for which they could lose "good-time credits," requires some sort of hearing (602's Appeals) to safeguard the minimum requirements of procedural due process.) (See Exhibit-B)

American with Disabilities Act 42 U.S.C. 12101 (b) (1) (2006) (stating that one of the goals of the A.D.A., is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." See 42 U.S.C. 12132 (2006); 12131 (2) (2006); (Ex-C)

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

"I", was afforded inadequate medical care, the Eighth Amendment's prohibition of cruel and unusual punishment; Equal-Protection violation/Discrimination/Deliberate Indifference."

Supporting Facts (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

Doctor J. Chau, and J. Mendez HCA-A- Clinic's officer, fails to take steps to remedy the violation; They may be liable under Section 1983; See Hill v. Marshall, 962 F.2d- 1209, 1213-14 (6th Cir. 1992) (Stating that corrections official(s) whose job was "to review and respond to inmates' medical needs" could be liable for failing to do (his) job when he was on notice of prisoner's (medical needs); Senate Bill No.2 (Bradford) Agency/Officer liability for Civil Right-Violations (Civil 52.1 (W) Under the Tom Bane Civil Rights Act, if a peace officer interferes with someone's federal or state rights by threat, intimidation or coercion (or attempts

Continue Claim 2: Next Page

to do so), the officer(s) and the Employing Agency
are no longer immune from Monetary liability
under state law for: Failing to obtain or
furnish medical care (formerly, under Gov.
845.6 liability was limited to cases where
the officer(s) knew or had reason to know an
incarcerated person ("Prisoner Rickey Leon Scott AR-
5937") was in need of immediate care but failed
to take reasonable action to summon such care;
see Barry v. Ratelle, 785 F. Supp, 1235, 1239,
(S.D. Cal. 1997). "deliberate indifference" to my
serious medical needs in violation of 8th and
14th Amendment Rights)

    Doctor ("Chan's failure to even follow
procedure may be subjected to the most serious
deprivation of Cal Gov't Code § 845.6, Also 42 U.S.C.
§ 12131 (1) (A)-(B) (2006) (discrimination  against
individual with disabilities.")

    Facts: Upon coming out of my cell in
Building #2 - A-yard; My legs won't keep me up-
right, the floor officer pushes his Emergency-
button-Action for prompt Assistance; also call's the
A-yards Medical Staff; I'm brought over to
Medical Center in wheel-chair by Nurse Robinson
or Richardson; listing will show correct Nurse on with
report. Nurse's work on me to review problem's
of my suffering; It's possible African America Nurse
asked the Asia Nurse to go get the ice-pack

Continue Claim 2:

for my right swollen knee; it was Hot with fever; This
wasn't first Emergency visit based on both of
My legs so badly swollen; Looking as though I'd
"Elephantiasis."

Dr Chan, Now present I giving him
in My words the problems's hes caused for
changing some meds, also for stopping my total
quantity of pain meds (No. 3's). He'd Already
refused to see me once, the other Doctor allows me
a few minute yet stats its Dr Chan problems.

While talking with Dr Chan the
nurse returns with the Ice-pack to place on
right knee, without asking Dr Chan, just takes it
from her saying He wasn't allowing (me) any
treatment.

He fail to take step's to avoid harm,
officer "Mendez" could have steped-up knowing
the nurse's felt it was enough wrong with
My legs and knee to offer care. see McElligott
v. Foley 182. F.3d 1248.1256-57 (11th Cir 1999) —
(determining that medical staff's failure to
examine and treat patient's sever pain and repeated
(Scott's matter's) delay's in doctor's (Dr Chan's very
actions) seeing patient(s) ("Scott") could support a
finding of deliberate indifference." Estelle
v. Gamble. 429 U.S. 97, 105-06, 97 S.Ct. 285. 290-
91.50 L. Ed. 2d 251. 260-61 (1976)

Doctor Chan had to Know My many
FN.1/ Damages under Title II, Hason v. Med. Bd of Cal, (279
F.3d 1167.1171 (9th Cir 2002) (holding that Congress validly ...
Abrogated states' 11th Amendment immunity when ...
enacting Title II).

(2)

1  Medical problem's - I wear ADA medical vest, for
2  "MOBILITY IMPAIRED", medical under Dep't of
3  Correction's control will show I've Spine cord
4  issue's; hair-like fracture, in LEFT "Hip- (its How
5  I get SSI payments); Inflammation of the joint's-
6  both Hips- "Arthritis; ASTHMA; Triple-CMF inmate."
7        I'd just finish my H-C treatment, its
8  why I was allowed the (T-3's) because of the
9  H-C treatment, it won't cause problem with the
10  treatment meds.
11        "(A) prison official does not act in a
12  deliberately indifferent manner unless the offical
13  'knows of and disregards an excessive risk to
14  to inmate health or safety.") Hathaway v. Coughlin,
15  37 F.3d 63. 66 ( 2d Cir 1994)
16        Based on each Medical's issues, Dr.
17  Chan had a duty of care towards me. (The
18  on duty Nurse's had already taken step's based
19  on my right knee warrant her exceptional ...
20  knowledge. Giving medical obligations; which
21  was also Dr. Chan's obligation, yet (h)e's
22  now surrendering to the consequences of my
23  deliberate indifference to serious medical needs
24  claim: See Conner v Donnelly, 42 F.3d 220, 223,
25  4th Cir.1994) ("A physician who treats a prisoner
26  Acts under color of state law.").
27        My Health issue's Listings. ADA 42 U.S.C
28  §12101 (a) (B), (b) (1)-(2) (2006) Physical or Mental -
   fn.3/ Thompson v. Davis. 295 F.3d 890. 895 (9th Cir. 2002) (-
   discussing the. requirements for an ADA Title II claim
   upon information and belief the prison, Cal. CDC rece-
   ives federal funding

(3)

Continue Claim 2;

impairments. (1) Muscular dystrophy Hip's Arthritis (2) Diabetes-
second level (3) mobility impairments from Spine cord; See e.g.,
Saunders v. Horn. 960 F. Supp. 893, 901 (E.D. Pa 1997) ( finding
that a prisoner with degenerative disk disorder stated
claim under § 504 and the ADA 28 C.F.R § 35. 104 (9) (i) -
(2007); Holding an Allegation of false disciplinary charges
had to be grieved in addition to Appealing the disciplinary
conviction; Why, it all starts with Dr. Chan's violation of
My Medical Needs; Their Actions were unnecessary-unreasonable." [51]

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

Plaintiff "Scott" seek's a trial to awarded damages caused
for recklessness or serious indifference to my rights. As well
as for "Evil intent." Have the A-1 offenses; dropped the "F" type
offense. I made statments about in Above Arguements, Have
California Dep't of Correction place me - in their best Medical
Prison; noted I'm 74 years of Age, 4/24/48, At the writing of FAC.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/01/2022   Signature of Plaintiff: *Rickey Leon Scott*

(Revised 4/4/14)

Exhibit

_A_

CRIME / INCIDENT REPORT 1079-ADA-HBK   Document 28   Filed 09/06/22   Page 12 of 26

**PART C - STAFF REPORT**
CDCR 837-C (Rev. 10/15)

| PAGE | 1 | Of | 1 | INCIDENT LOG NUMBER<br>NKSP-HCA-18-04-0085 |
|---|---|---|---|---|

| NAME:   LAST<br>GUINTO | FIRST<br>A | MI<br>P | DATE OF INCIDENT<br>4/12/2018 | TIME OF INCIDENT<br>1446 HOURS |
|---|---|---|---|---|

| POST #<br>310332 | POSITION<br>FAC "A" SERGEANT | YEARS OF SERVICE<br>17 YRS. 6 MO. | DATE OF REPORT<br>4/12/2018 | LOCATION OF INCIDENT<br>FACILITY "A" MEDICAL CLINIC |
|---|---|---|---|---|

| RDO'S<br>M/T | DUTY HOURS<br>1400-2200 | DESCRIPTION OF CRIME / INCIDENT<br>ASSAULT ON A NON-PRISONER W/WEAPON RESULTING IN THE USE OF<br>FORCE | CCR SECTION / RULE   ☐ N/A<br>3005 (d) |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ Primary | (S) C/O J. MENDEZ | (S) SCOTT AR5937     FAB2-133L |
| ☒ Responder | (S) C/O M. OGMA | |
| ☐ Witness | (S) DR. J. CHAU | |
| ☐ Camera | | |
| ☐ Victim | | |
| ☐ Other: | | |

| ☒ N/A | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / NON-CONVENTIONAL FORCE | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ Physical: | Lethal Weapons: | Warning: | Effect: | Less Lethal Weapons: | # Effect: | Chemical<br>Agent: | Projector: | #Deployed: |
| ☐ Hand-Held Baton | ☐ Mini 14 | | | ☐ 37 mm | | | | |
| ☐ X-10 BRD<br>w/o OC | ☐ .38 Cal | | | ☐ 40 mm | | ☐ OC | | |
| | ☐ .40 Cal | | | ☐ L8 | | ☐ CN | | |
| | ☐ 9 mm | | | ☐ 40 mm Multi | | ☐ CS | | |
| ☐ X-10 BRD<br>w/ OC | ☐ Shotgun | | | ☐ HFWRS | | | | |

| ☐ Non-Conventional or Force Not Listed Above: |
|---|

| FORCE OBSERVED<br>BY YOU | ☒ N/A   ☐ Physical   ☐ Hand-Held Baton   ☐ Chemical Agent   ☐ X-10   ☐ Less Lethal   ☐ Lethal   ☐ Non-Conventional |
|---|---|

| EVIDENCE COLLECTED<br>BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO<br>HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF<br>INJURED | DESCRIPTION OF INJURY | LOCATION TREATED<br>(HOSPITAL/CLINIC) | FLUID EXPOSURE | SCIF 3301/3067<br>COMPLETED |
|---|---|---|---|---|
| ☐ YES<br>☐ NO | ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A<br>☐ UNKOWN<br>☐ Other: | ☐ YES<br>☒ NO |

**NARRATIVE:** On Thursday, April 12, 2018 at approximately 1446 hours, while assigned as the Facility "A" Program Sergeant, I responded to personal alarm activation in the Facility "A" Medical Clinic. Upon my arrival, I observed Inmate Scott, AR5937 FAB2-133L lying face down on the floor in a prone position near the nurse's station with both hands cuffed behind his back. I observed HCA, A Clinic, Officer J. Mendez kneeling to the left side of Inmate Scott's torso with his right hand stationed on the center of Inmate Scott's lower back. I then asked Officer Mendez what happened, at which time Mendez stated that Inmate Scott attempted to strike Doctor J. Chau with his cane so he used force to take Scott to the ground when he refused to get down. I instructed A Security Patrol #3, Officer M. Ogma to perform a clothed body search of Scott and assist me in escorting Scott to the Facility "A" Gymnasium holding cell. Once Scott was placed in a holding cell, Facility "A" Medical staff was advised to conduct a 7219 Medical Report of Injury on Scott. I then informed Dr. Chau that he needed to have a 7219 Medical Report of Injury completed and complete an 837-C Report. It should be noted that I did not witness any force used. This concludes my involvement in this incident.

| ☐ CHECK IF NARRATIVE IS CONTINUED ON CDCR 837-C1. |
|---|

| SIGNATURE OF REPORTING STAFF | TITLE<br>CORRECTIONAL SERGEANT | BADGE # / ID # | DATE<br>4/12/2018 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE)<br>J. TANGEN, Lt | DATE RECEIVED<br>4/12/18 | CLARIFICATION NEEDED<br>☐ YES   ☒ NO | APPROVED<br>☒ YES   ☐ NO | DATE<br>4/12/18 |

DISTRIBUTION:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

**Questions Asked**

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty

○ Subject declined to make a statement
◉ Subject made a statement

**Comments:**

"I am guilty of verbal assault but not guilty of a weapons assault".

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:

**Comments:**

This SHO found Inmate Scott 'Guilty', of "Assault with a Deadly Weapon" of a Division A-1 Offense. SHO assesses 360-days loss of Behavioral/Work Credits, consistent with the schedule provided in CCR Section 3323 (Disciplinary Credit Forfeiture Schedule) for a Division A-1 Offense, based on the preponderance of evidence listed below. There is no evidence at the hearing to exonerate Inmate Scott. A finding of guilty is appropriate under the circumstances present in this disciplinary.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

**Comments:**

1. The Reporting Employees Written Report which states in part, On April 12, 2018, at approximately 1437 hours, while performing my duties as Facility A Clinic Officer, Facility A Building 2 was reporting a code one medical via institutional radio "man down". As I responded with medical staff to the building, Inmate Scott AR5937, FAB2-133L was complaining of pain in his knees. Utilizing a wheelchair, we brought Scott to the clinic and I had him take a seat along the wall of Dr. J. Chau's office. Dr. Chau was asking Scott a series of questions concerning his complaint of pain in his knees. At this time Scott was asking Dr. Chau if he was going to treat his pain and Dr. Chau advised him that he was unable to do anything at this time. Scott became agitated and began to raise his voice saying, "what the fuck are you going to do?' I advise Scott to calm down, when he stood up abruptly from his chair and swung his wooden cane from left to right two times with both hands at the direction of Dr. Chau.

The Report later states, I order Scott to get down with negative results. Fearing for the safety of medical staff and myself, I activated my personal alarm (PAD). I then placed my left hand on Scott' left forearm and right

EXHIBIT  B

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATI~~ON~~

Side 1

1807423

AR5937

ONLY | Institution/Parole Region: | Log #: | Category

NKSP-D-18-0445

FOR STAFF USE ONLY

You may appeal any California Department of ~~Corrections and Rehabili~~tation (CDCR) decision, action, condition, policy or regulation that has a materia adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code o Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calenda days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for furthe guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink

| Name (Last, First): Scott Rickey | CDC Number: AR5937 | Unit/Cell Number: D-6-127 | Assignment: |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Rule Violation 3005 (d)(1) - Plus Rule violation 3004 (b)(c)

**A.** Explain your Issue (If you need more space, use Section A of the CDCR 602-A): While being in Bryard's Medical services area - On My Mandown. Over right knee giving out from wrong meds issued by Doctor - JA CHAU. Orders As I was getting My Readings done by LVN. She touches knee

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): Next p. reheral based on it was only me verbalizing My hurt - Empty fashion, Look into Doctor violations of Rule 3004(b) (c); Assess Matter's properly.

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
Staff Report 5           Vocational Nurse's
violation (RV2)

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: Rickey Scott          Date Submitted: 4/24/2018

☐ By placing my initials in this box, I waive my right to receive an interview.

APR 25 2018
NKSP
APPEALS

NKSP
MAY 10 2018
APPEALS

REC BY OC
MAY 29 2018

---

**C. First Level - Staff Use Only**
This appeal has been:               Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes  ☐ No
☐ Bypassed at the First Level of Review.  Go to Section E.
☑ Rejected (See attached letter for instruction)  Date: 4/25/18    Date:_____  Date:_____  Date:_____
☐ Cancelled (See attached letter)  Date:_____
☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.
         Date of Interview: _____       Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
         See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____      Title: _____  Signature: _____       Date completed: _____
         (Print Name)
Reviewer: _____        Title: _____  Signature: _____
         (Print Name)
Date received by AC: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATI

Sida

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | NKSP-D-15-04755 | | |
| *1807423* | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Scott, Rickey | AE5937 | D-6-146 | |

A. Continuation of CDCR 602, Section A only (Explain your issue): Continue: She touch's my right leg, knee area, notice it was very "Hot" she'd felt (Ice pack was warranted). As she's brings the very ice pack back to me, Doctor Ja Chau, dashes from his office and takes pack of ice right out her hands. refusing I/m Scott medical treatment very unreasonable. Being upset I force myself back to my feet arguing with Doctor Ja Chau over how he'd disrespect the L.V.N. service toward my suffering, by talking with cane in hand officer J. Mendez orders me stand down (I disobey) I never attacks Doctor personally, read Mendez's circumstances of the violation report, I'm swung never, just while talking the very possibly did move right to left, but Doctor was never within reaches. My actions are totally base of the suffering "caused" by Doctor Ja Chau's deliberate indifference to my medical needs (2) His violate P3004 - Right and respect of others, his actions to disrupt the L.V.N's empathy to place ice pack to damage area, also (4) the fact of his very discrimination, failure to respond to prisoner's pain & suffering

Inmate/Parolee Signature: Rickey Scott     Date Submitted: 5/09/2016
Rehabilited

B. Continuation of CDCR 602, Section B only (Action requested):

FOR USE ONLY
○ NKSP
APPEALS
MAY 10 2018

REC BY O
MAY 29 2018

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted : _____

**E. Second Level - Staff Use Only**

Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: _Appeals Coord._ Title: _CC-II_ Date Assigned: _5/11/18_ Date Due: _6/22/18_

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _5/11/18_   Interview Location: _Fac "D" building 6 Cell front (154)_

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _B. Johnson_ (Print Name) Title: _CC-I_ Signature: ____ Date completed : _5/11/18_

Reviewer: _B. Kibler_ (Print Name) Title: _CDW_ Signature: ____

Date received by AC: _5/16/18_

AC Use Only
Date mailed/delivered to appellant _5/16/18_

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_I'm offense. (H)-3 code dissatisfied, (1) Battery or Attempted Battery on a non-Prisoner (Not Assault on 4, 2, 4, Non-Prisoner with weapon) My action over Doctor's Chair violation of 3004 Rights & Respect of Others, disrupts L.V.N's Empathy toward my serious medical needs is (33 And Show of deprivation "Resound" 8th Amend violation, where I never made contact with any form, cause's no injury's, yet I'm bringing wrongly put in shu, rehear this violat__

Inmate/Parolee Signature: _Ricky Leon Scott_   Date Submitted: _5/22/251?_

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant _AUG 24, 2018_

H. Request to Withdraw Appeal: .I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____

Inmate/Parolee Signature:

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# HEALTH CARE GRIEVANCE
CDCR-0602 HC (Rev. 06/17)
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Institution: NKSP | Tracking #: HC 18000731 | |
|---|---|---|---|---|
| Williams, C. HCARN | | | Signature _(signature)_ | 4-17-18 |
| Staff Name and Title (Print) | | | Signature | Date |

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Scott, Rickey L | CDCR #: AL7937 | Unit/Cell #: D-6-172 |
|---|---|---|

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. First, the pain in my right knee came stopped Alt left - possible fall to problems - I just went through Hip-C treatment while on treatment the medical service on TeleVision insisting on what type of pain meds allowed to use the T3's were okayed for my problems I've been here nearly six month So the doctor takes one of the two T3's crow loses him he take away T3's lately Mind you I can only have T3's passed at the Hip-C treatment now give Aletaminophen, 325mg. My right both and right knee have swollen extra painful I'm nearly unab

*If you need more space, use Section A of the CDCR 602 HC A*

☐ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:

☐ No, I have not attached any supporting documents. Reason:

| Grievant Signature: Rickey Scott | Date Submitted: 4/17/18 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [ ]

HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only      Is a CDCR 602 HC A attached? ☐ Yes ☒ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section C)

| ☒ Accepted | Assigned To: Williams, C. HCARN | Date Assigned: 4/17/18 | Date Due: 6/20/18 |
|---|---|---|---|
| Interview Conducted? ☒ Yes ☐ No | Date of Interview: 4-18-18 | Interview Location: | NKSP |
| Interviewer Name and Title (print): Williams, C. HCARN | Signature: _(signature)_ | | Date: 4-18-18 |
| Reviewing Authority Name and Title (print): A. SHEU, MD CHIEF PHYSICIAN NKSP CFB | Signature: _(signature)_ | | Date: 5-3-18 |

| Disposition: See attached letter | ☒ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|---|

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant:

RECEIVED
NKSP
APR 17 2018
STAFF USE ONLY
HCGO

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached |
| ☒ Not Applicable | ☐ Other | *See chrono/notes |



### 3004. Rights and Respect of Others.

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

HISTORY:

1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).
2. Amendment of subsection (a) filed 9-30-77; effective thirtieth day thereafter (Register 77, No. 40).
3. New subsection (c) filed 4-18-80; effective thirtieth day thereafter (Register 80, No. 16).

### 3005. Conduct.

(a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

(b) Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.

(c) Refusing to Accept Assigned Housing. Inmates shall not refuse to accept a housing assignment such as but not limited to, an integrated housing assignment or a double cell assignment, when case factors do not preclude such.

(d) Force or Violence.

(1) Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person.

(2) Inmates shall not, with the intent to cause a riot, willfully engage in conduct that urges a riot, or urges others to commit acts of force or violence at a time and place under circumstances that produce a clear and present and immediate danger of acts of force or violence or the burning or destroying of property.

(3) Inmates shall not participate in a riot, rout, or unlawful assembly.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 242, 295–300.3, 404–409, 2931 and 5054, Penal Code.

HISTORY:

1. Repealer filed 9-24-81; effective thirtieth day thereafter (Register 81, No. 39).

### 3413. Incompatible Activity.

(a) Employees of the department shall not engage in any other employment or activity inconsistent or incompatible with employment by the department. Conduct deemed to fall in such categories includes, but is not limited to the following:

(1) Using the prestige or influence of the state or the department for private gain or advantage.

(2) Employment or participation in any activity of an illegal nature.

(3) Any employment or other activity which will prevent the employee from doing his or her job as an employee of the department in an efficient and capable manner, or represents a potential conflict of interest or the appearance of a conflict of interest with his or her job.

(4) Employment which will prevent a prompt response to a call to report to duty in an emergency or when otherwise required to be present by his or her supervisor or the warden or superintendent.

(5) Using for private gain the time, facilities, equipment or supplies of the state.

(6) Using workgroup computer technologies to do any of the following:

(A) Publish, display, or transmit information that:

1. Violates or infringes on the rights of other persons, including the right of privacy.

2. Contains defamatory, intentionally false, obscene, pornographic, profane, sexually harassing, threatening, racially offensive, or other unlawfully discriminatory material.

3. Encourages the use of controlled substances.

(B) Conduct activities not related to the mission or work tasks of the department.

(C) Solicit the performance of activities prohibited by law.

(D) Transmit material, information, or software in violation of departmental policies, or local, State, or Federal Law.

(E) Conduct electioneering or engage in political activities.

(F) Engage in non-government related fund raising or public relations activities.

(G) Conduct personal business activities or activities for personal monetary gain.

(H) Purchase or sell unauthorized goods or services.

(7) Providing confidential information to persons to whom issuance of such information has not been authorized, or using such information for private gain or advantage.

(8) Receiving or accepting money or any other consideration from anyone other than the state for performance of an act which the employee would be required or expected to render in the regular course or hours of his or her employment, or as part of his or her duties as a state employee.

(9) Receiving or accepting, directly or indirectly, any gift, including money, any service, gratuity, favor, entertainment, hospitality, loan, or any other thing of value, from anyone who is doing or is seeking to do business of any kind with the state or whose activities are regulated or controlled in anyway by the state, under circumstances from which it reasonably could be inferred that the gift was intended as a reward or for the purpose of influencing any official action on the employee's part.

(10) Consulting or testifying as a specialist or an expert witness, based on expertise gained in the course of their duties, in any administrative, civil, or criminal action without having given reasonable notice, as defined in section 3413(a)(10)(A), to the chief deputy general counsel of the office of legal affairs.

23

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR, GOVERNOR
DIVISION OF ADULT INSTITUTIONS
NORTH KERN STATE PRISON
2737 West Cecil Avenue
P. O. Box 567
Delano, California 93216



May 11, 2018

Ricky Scott, CDCR# AR5937
Facility "D" Building 6 Cell 146L
North Kern State Prison (NKSP)

Inmate Scott:

SECOND LEVEL APPEAL RESPONSE LOG NUMBER: NKSP-D-18-01475

B. Johnson, Correctional Counselor (CC) II reviewed this matter on my behalf.

ISSUE:

You submitted this appeal relative to California Department of Corrections and Rehabilitation (CDCR) Form 115, Rules Violation Report (RVR) Log# 4879127 dated April 12, 2018, for the specific act of, "Assault with a Deadly Weapon".

You contend Dr. J. Chan refused to provide you with medical treatment. as he took an ice pack out of the nurse's hand. who was attempting to provide you with medical treatment. You state you became upset with the doctors actions regarding denying you medical treatment and you stood up. You state you then began to argue with the doctor by talking with your cane regarding his disrespect towards the nurse who was providing you medical treatment. You state an officer gave you an order to stand down during the incident, you disobeyed the order, but you never attacked the doctor. You state you never swung the cane, it is possible that while talking with your cane you did move it left to right, but you were never within reach of the doctor.

You are requesting to have your RVR reissued/reheard and you want the doctor's violations looked into.

INTERVIEWED BY:

CCII B. Johnson interviewed you on May 11, 2018, at the Second Level of Review. Effective Communication was achieved as you had a conversation with meaningful dialogue regarding this appeal. Upon review of the Disability Effective Communication System tracking system you have a Test of Adult Basic Education score of 7.6. You are a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care. It is noted you are a participant in the Armstrong Remedial Plan, but not a participant in the Clark Remedial Plan. During the interview you were asked if you had any additional statements to add to your appeal and you stated prior to April 12, 2018, the doctor prescribed you with the wrong medication, which lead to you being seen by medical staff on April 12, 2018, for pain and swelling to your leg. You state on April 12, 2018, the doctor denied you medical treatment violating departmental policy and he also violated the California Code of Regulations (CCR), Title 15 section 3004. Lastly, you state on previous occasions the same doctor refused to provide you medical treatment. he did not have any empathy for you on April 12, 2018, and on this same date he disrespected the nurse who was providing you medical treatment.

Ricky Scott, CDCR# AR5937
NKSP-D-18-01475
Page 2

## REGULATIONS:

The rules governing this issue are the California Code of Regulation (CCR), Title 15 sections, and Operational Procedures:

- CCR 3005 (d)(1), Conduct
- CCR 3320 (l), Hearing Procedures and Time Limitations

## REVIEWER'S RESPONSE:

All documents submitted by you have been considered and reviewed in accordance with departmental policies and institutional procedures. Upon review of the RVR, all due process mandates were afforded and time constraints were met. Your hearing was conducted on April 24, 2018, at 1029 hours. The Senior Hearing Officer (SHO) noted that you did not meet the criteria for a Staff Assistant per CCR 3315 (d) (2) (A). The SHO documented you met the requirement for an Investigative Employee (IE) pursuant to CCR section 3315 (d) (1) (A), but you waived your right to be assigned an IE. The SHO documented that you did not request the presence of witnesses at your hearing. You entered a plea of not guilty and stated, "I am guilty of verbal assault, but not guilty of a weapons assault."

The SHO found you guilty of the offense of CCR section 3005 (d)(1) "Assault with a Deadly Weapon". You were assessed 360 days forfeiture of credit consistent with a Division 'A-1' offense. You were also assessed 10 days loss of recreation yard privileges.

Correctional Officer J. Mendez documents in his report, "On April 12, 2018 at approximately 1437 hours while performing my duties as Facility A Clinic Officer, Facility A Building 2 was reporting a code one medical via institutional radio "man down". As I responded with medical staff to the building, Inmate Scott (FAB2-133L, AR5937) was complaining of pain in his knees. Utilizing a wheelchair, we brought Scott to the clinic and I had him take a seat along the wall of Dr. J. Chau's office. Dr. Chau was asking Scott a series of questions concerning his complaint of pain in his knees. At this time Scott was asking Dr. Chau if he was going to treat his pain and Dr. Chau advised him that he was unable to do anything at this time. Scott became agitated and began to raise his voice saying "what the fuck are you going to do?" I advised Scott to calm down when he stood up abruptly from his chair and swung his wooden cane from left to right two times with both hands at the direction of Dr. Chau. Dr. Chau stepped back to avoid being struck by Scott's cane. I ordered Scott to get down with negative results. Fearing for the safety of medical staff and myself, I activated my personal alarm (PAD). I then placed my left hand on Scott's left forearm and my right hand on the center of Scott's back and utilized my physical strength to force Scott to the ground. As Scott came to rest on the floor he immediately stopped resisting and complied with my orders to place his hands behind his back. I applied handcuffs to Scott. Sergeant A. Guinto and responding staff immediately arrived and I informed Sergeant Guinto that Scott had attempted to assault Dr. Chau with his cane. Sergeant Guinto and responding staff escorted Scott to the Facility A Gym. I took sole possession of the cane until 1929 hours and assigned it EAJM-01 and placed it into the NKSP Sub-Evidence room utilizing locker #2 under the direct supervision of Sergeant J. Short. It should be noted that Facility A Medical staff assigned Scott another cane. This concludes my involvement in this incident."

Ricky Scott, CDCR# AR5937
NKSP-D-18-01475
Page 3

The concerns you have identified in this appeal have been reviewed and evaluated. In section "A" of your appeal you provide the details surrounding the events leading to your receipt of your RVR dated April 12, 2018; however, it has been determined that you are attempting to use the appeals process as a second opportunity to present a defense against your RVR charge. Be advised, the appeals process is not intended to be a forum to rehear your RVR or to introduce new evidence or factors that were discoverable at the time of your RVR hearing. Although you claim you never attacked the doctor, you never swung the cane, it being possible that while talking with your cane you did move it left to right, and you never being within reach of the doctor, the reporting employee states you swung your cane twice in the direction of the doctor. It should be noted that your actions lead to you receiving your RVR for "Assault with a Deadly Weapon" on April 12, 2018. Be advised, your RVR is a legal document and the information contained within your RVR is considered true and factual. The evidence supports the findings by the SHO were appropriate and are in accordance with the rules, regulations and policies of CDCR and this institution. In accordance with the SHO's finding and the absence of any due process violations, your request to have your RVR reissued/reheard and to have the doctor's violations looked into is denied. While your appeal has been denied you may submit a CDCR 7362 Health Care Services Request Form or a (BLUE) 602 HC Health Care Grievance to address your concerns regarding the actions of Health Care staff on April 12, 2018. The above mentioned forms regarding health care issues are located inside of your housing unit. In addition, your appeal was copied and forwarded to the NKSP Inmate Health Care Appeals Office.

DECISION:

Your appeal is **DENIED** at this Level of Review.

You are advised this issue may be submitted for a Director's Level of Review, if desired.

B. KIBLER
Chief Deputy Warden
North Kern State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P O BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date:    AUG 2 2 2018

In re:   Ricky Scott, AR5937
         California State Prison, Corcoran
         P.O. Box 8800
         Corcoran, CA   93212-8800

TLR Case No.: 1807423          Local Log No.: NKSP-18-01475

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Knight, Captain.   All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #4879127, dated April 12, 2018, for Assault with a Deadly Weapon.   It is the appellant's position that the Senior Hearing Officer (SHO) inappropriately found him guilty of the charge. The appellant contends that Dr. J. Chan refused to provide him with medical treatment, as he took an ice pack out of the nurse's hand who was attempting to provide him with medical treatment.   The appellant states he became upset with the doctors actions regarding denying him medical treatment and he stood up.   The appellant asserts that he then began to argue with the Dr. Chan by talking with his cane regarding his disrespect towards the nurse who was providing him medical treatment.   The appellant states a Correctional Officer gave him an order to stand down during the incident, he disobeyed the order, but he never attacked the doctor.   The appellant asserts he never swung the cane, it is possible that while talking with his cane he did move it left to right, but he was never within reach of the doctor.   The appellant requests to have his RVR reissued reheard and he wants the doctor's violations looked into.

**II   SECOND LEVEL'S DECISION:** The Second Level of Review (SLR) noted that all documents submitted by the appellant have been considered and reviewed in accordance with departmental policies and institutional procedures.   Upon review of the RVR, all due process mandates were afforded and time constraints were met.   The SLR noted the appellant pled "Not Guilty" to this charged and stated, "I am guilty of verbal assault, but not guilty of a weapons assault."

The SLR noted the concerns the appellant has identified in this appeal have been reviewed and evaluated. The SLR found the appellant is attempting to use the appeals process as a second opportunity to present a defense against his RVR charge.   The appellant was advised, that the appeals process is not intended to be a forum to rehear his RVR or to introduce new evidence or factors that were discoverable at the time of his RVR hearing.   Although the appellant states that he never attacked the doctor and never swung the cane; the SLR found that the Reporting Employee states the appellant swung his cane twice in the direction of the doctor.   The SLR noted that the appellant's actions lead to the appellant receiving his RVR for "Assault with a Deadly Weapon" on April 12, 2018.   The SLR noted that the appellant's RVR is a legal document and the information contained within his RVR is considered true and factual.   The evidence supports the findings by the SHO and the SLR found this was appropriate and is in accordance with the rules, regulations and policies of CDCR and this institution.   In accordance with the SHO's finding and the absence of any due process violations, the appellant's request to have his RVR reissued reheard and to have the doctor's violations looked into was denied at the SLR.   While the appellant's appeal has been denied he may submit a CDCR Form 7362, Health Care Services Request Form or a (BLUE) 602 HC Health Care Grievance to address his concerns regarding the actions of Health Care staff on April 12, 2018.   The above mentioned forms regarding health care issues are located inside of the appellant's housing unit.

**III   THIRD LEVEL DECISION:** Appeal is denied.

   A.   FINDINGS:   The Third Level of Review (TLR) reviewed the appellant's appeal and all attached documents and reaffirms the institution's examination and conclusions as addressed within the SLR Decision for each criteria and is the finding of the disposition of the RVR.

RICKY SCOTT, AR5937
CASE NO. 1807423
PAGE 2

In this case, the circumstances of the incident, when evaluated overall, substantiate the charge to a preponderance threshold. The SHO determined a finding of guilt based upon a preponderance of evidence indicating that the appellant was responsible for the reported misconduct and the SHO made the decision to find the appellant guilty. This is consistent with the California Code of Regulations, Title 15, Section (CCR) 3320(l) and the CDCR Operations Manual, Section (DOM) 52080.9.3, which states in part, "A finding of guilty shall be based upon a determination by the person(s) conducting the hearing that a preponderance of evidence submitted at the hearing substantiates the charge."

The appellant was provided appropriate due process and administrative protections in the adjudication of the RVR and the finding and disposition are consistent with regulations. The appeals examiner finds the SHO conducted the hearing appropriately. The appellant did not request witnesses during his RVR hearing. The SHO documented the findings of the RVR sufficiently to support the finding of guilt.

The appeals examiner notes no due process or procedural errors were discovered in the review of the RVR and attachments. The appellant has presented no evidence or information that would warrant a modification of the SLR. Therefore, there is no cause to intervene at the TLR.

**B. BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3002, 3004, 3005, 3084, 3084.1, 3084.5, 3084.7, 3270, 3271, 3287, 3310, 3312, 3313, 3315, 3316, 3318, 3320, 3323, 3350, 3350.1, 3380, 3391
DOM: 52080.9.3, 54100.20

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

J. KNIGHT, Appeals Examiner
Office of Appeals

cc:    Warden, COR
        Appeals Coordinator, COR
        Appeals Coordinator, NKSP

M. VOONG, Chief
Office of Appeals

# EXHIBIT C

Version 4.6.1.1

Release Note

Summary   Accommodations   Movement   Bed Inventory   ADA/EC History

Generate Reports / Get Help / Report a Problem   Log Ou

CDC #  AR5937   [Search]         CDC Number: AR5937, SCOTT, RICKY LEON

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | AR5937 [Other] |
| Name: | SCOTT, RICKY LEON |
| Institution: | North Kern State Prison |
| Bed Code: | D 006 1146001LP |
| Placement Score: | 83 |
| Custody Level: | Maximum |
| Housing Pgm: | ASU - Ad Seg Unt |
| Housing Restrictions: | Ground Floor-No Stairs, Lower/Bottom Bunk Only |
| Physical Limitations to Job/Other: | Lifting Restriction-Unable to Lift more than 19 Pounds, PERMANENT 12-31-9999 Months |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | NCF |
| Effective Date: | 10/16/2013 |
| DPP Codes: | DPM [History] |
| 1845 Date: | 04/26/2018 |
| MHSDS Code: | CCCMS |
| SLI: | |
| Primary Method: | |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | 7.6 |
| TABE Date: | 04/09/2018 |
| Durable Medical Equipment: | Mobility Vest, [Info] Eye Glasses, Walker |
| Last Accomm: | |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | No |
| Revocation Date: | |
| Date Received in CDCR: | 10/16/2013 |
| Last Return Date: | |
| Extended Stay Date: | 01/14/2014 |
| Extended Stay Privileges? | |
| Release Date: | 05/26/2083 |
| 120 Day Date: | 01/26/2083 |
| Next IDST Date: | |

### Work/Vocation/PIA

1

| | |
|---|---|
| Group Priv: | |
| Group Work: | |
| Start Date: | |
| Status: | |
| Job Position: | |
| Job Title: | |
| IWTIP Code: | |
| IWTIP Description: | |
| Regular Day Off: | |
| Work Hours: | |

### Accommodation History

No Accommodation Records Found.