UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY LEON SCOTT,<br><br>            Plaintiff,<br><br>     v.<br><br>B. JOHNSON, B. KIBLER, J. KNIGHT, M. VOONG, J. CHAU; and J. MENDEZ, ,<br><br>            Defendants. | Case No. 1:19-cv-01079-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 28) |

Plaintiff, a state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action filed under 42. U.S.C. § 1983. Pending before the Court is Plaintiff's Second Amended Complaint (Doc. No. 28) subject to screening under 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends Plaintiff be permitted to proceed with an Eighth Amendment medical deliberate indifference claim against Defendant Chau but all other non-cognizable claims and Defendants be dismissed.

**BACKGROUND AND OPERATIVE PLEADING**

**A. Procedural Posture**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. §1983 on August 5, 2019. (Doc. No. 1). On June 2, 2021, the undersigned issued a screening order and

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

found Plaintiff's initial complaint met the low threshold to state a cognizable claim of deliberate indifferent to Plaintiff's medical needs against Defendant J. Chau stemming from a refusal to treat him for his leg pain but no other claims. (Doc. No. 22). Plaintiff was given the option to either file an amended complaint or notify the court that he was willing to proceed only on his claim for medical deliberate indifference against Defendant Chau. (*Id*. at 9). Plaintiff was warned that if he chose to file an amended complaint, it must be free-standing and he could not change the nature of the suit by adding new, unrelated claims. (*Id*.). Plaintiff filed a First Amended Complaint June 28, 2021. (Doc. No. 23, "FAC").

In his FAC, Plaintiff identifies J. Knight, M. Voong, B. Johnson, B. Kibler, and J. Chau as defendants. (*Id*.). The FAC alleged two claims: (1) Plaintiff's rights under the Americans Disabilities Act were violated because officials would not grant him a rehearing after he found guilty of a rule's violation report (*Id*. at 3);  and Defendant J. Chau was deliberately indifferent to Plaintiff's serious medical needs (*Id*. at 4-5). The undersigned found that Plaintiff's FAC failed to state a claim and gave Plaintiff three options: (1) file a second amended complaint ("SAC), (2) file a notice that he intends to stand on his FAC subject to the undersigned recommending that the district Court dismiss Plaintiff's action; or (3) file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). (Doc. No. 26 at 10). Plaintiff filed a Second Amended Complaint on September 6, 2022. (Doc. No. 28, "SAC").

**B. Summary of SAC**

Plaintiff identifies the following seven defendants in his SAC: (1) B. Johnson, CC II Counselor and first level reviewer of Plaintiff's 602 appeal; (2) B. Kibler, Chief Deputy Warden at North Kern State Prison; (3) J. Knight, appeals examiner; (4) M. Voong, Chief of Appeals; (5) J. Chau, medical doctor at North Kern State Prison; and (6) J. Mendez, Correctional Officer at the North Kern State Prison. (*Id*. at 2-3).

At this stage of the proceedings, the Court must accept the Plaintiff's factual allegations in the SAC as true and construe them in the light most favorable to the Plaintiff.  The Court's review is limited to the complaint, exhibits attached and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card,*

2

*Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). Because Plaintiff attaches exhibits to and incorporates the exhibits in the SAC, the Court may consider the exhibits when their authenticity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)(noting at 12(b)(6) stage material properly submitted as part of the complaint may be considered without converting the motion to dismiss to a motion for summary judgment).

The SAC is somewhat rambling and disjointed. The body of SAC is mainly comprised of quotes from, and citation to, various cases and statutes. The undersigned summarizes the factual allegations that are interspersed between the case citations and as gleaned from the exhibits attached to the SAC. In summary, Plaintiff was taken to medical department after having fallen near his cell. Plaintiff claims his right knee was swollen and painful and gave out because Dr. Chau issued the wrong meds. A nurse, who examined Plaintiff when he arrived in the medical department, touched his knee and told him it was very "hot" and went to retrieve an ice pack. When she returned with the ice pack, Dr. Chau came out of his office, grabbed the ice pack, and refused to treat Plaintiff. Plaintiff became upset and jumped up. Plaintiff began to argue with Dr. Chau while holding a cane in his hand. Officer Mendez told Plaintiff to stand down and he disobeyed. Plaintiff was issued a Rules Violation Report ("RVR") for Assault With a Deadly Weapon. Plaintiff acknowledged that he disobeyed the order to stand down and that he may have moved his arms and hand while holding the cane, but denied he ever swung the cane at Dr. Chau. In fact at the hearing, Plaintiff stated "I am guilty of verbal assault but not guilty of a weapons assault." (Doc. No. 28 at 13). After a hearing, Plaintiff was found guilty of the RVR. Plaintiff was assessed 360 days forfeiture of credit for a Division A-1 offense and 10 days loss of recreation yard privileges. (*Id.*). Plaintiff appealed the RVR. (*Id.* at 17-18). Plaintiff appeals were denied at the Second and Third Level of Review. (*Id.* at 20-24).

Liberally construed, the SAC attempts to set forth three claims. Plaintiff's first two claims are comingled. Essentially Plaintiff argues his rights under the Due Process Clause and under the Americans with Disabilities Act ("ADA") were violated by all named Defendants who were involved in his RVR and the appeal thereof because the RVR was false and he was refused an opportunity for a rehearing on his finding of guilt. (*Id.* at 3-6). Plaintiff also asserts a claim of

3

deliberate indifference against his serious medical needs in violation of the Eighth Amendment as to Defendants Chau and Mendez.  (*Id*. at 6-10).

As relief, Plaintiff seeks "…damages caused for recklessness or serious indifferences to my rights as well as for 'evil intent.'"  Plaintiff also seeks an order to officials to have "the A-1 offense dropped to 'F' type offense." (*Id*. at 10).  Finally, Plaintiff requests to be  transferred to an institution in the California Department of Corrections that has the best medical care.  (*Id*.).

**APPLICABLE LAW**

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant.  This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

At the screening stage, the court accepts the factual allegations in the complaint as true, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construes the complaint in the light  most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 ; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Finally, the Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  Unrelated claims must be filed in separate lawsuits.

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**ANALYSIS**

The gravamen of Plaintiff's ADA and Due Process Clause claims stem from Plaintiff's finding of guilt for the RVR.  In conclusory terms, Plaintiff states he "was excluded from participation in (602's Appeals process) or denied the benefits of the public entity's services, programs, or activities; was otherwise 'discriminated' against by the California Dep't of Correction(s) 602-Appeal's Officials."  (*Id*. at 4) (emphasis in original).  Plaintiff also states he was eligible for a lower-level rules violation claiming that he lost more credit than he what was warranted for his actions.  (*Id*. at 4-5).  Additionally, Plaintiff asserts his Rules Violation Report

1  is false. (*Id*. at 4). Essentially, Plaintiff argues his rights were violated because he was not
2  allowed a rehearing after he was found guilty of the RVR. (*Id*. at 4) (stating "B. Kibler, Deputy
3  Warden Stated, "Be advised, the appeal process is not intended to be a forum to rehear your
4  R.V.R., '<u>untrue</u>.'") (emphasis in original). In support his ADA claim, Plaintiff asserts that both of
5  his legs were swollen "like he had Elephantiasis." (*Id*. at 5). As noted above, Plaintiff attaches as
6  exhibits to his SAC, CDCR 837-C Form for a Crime/Incident Report (*Id*. at 12-13); documents
7  showing the appeals process of his Rules Violation Report (*Id*. at 15-24); and printout summary
8  of his disabilities and accommodations (*Id*. at 26). While Plaintiff comingles his ADA and Due
9  Process Clause claims into a single claim, the undersigned analyzes them separately.

**The SAC Fails to State an ADA Claim**

The SAC makes a passing reference to the ADA, but otherwise fails to allege any facts to support a claim under the American with Disabilities Act. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. "The term 'services, programs, or activities' as used in the ADA is . . . broad, 'bringing within its scope anything a public entity does.'" *Fortyune v. City of Lomita*, 766 F.3d 1098, 1101 (9th Cir. 2014) (quoting *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002)).

To state a claim under Title II of the ADA, plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original). The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. *U.S. v. Georgia*, 546 U.S. 151, 153 (2006).

Here, the SAC contains only recitation to various cases and statutes but is otherwise

6

devoid of any factual allegations supporting an ADA claim. Although Plaintiff states he uses a cane and provide a print out of his "Disability Assistance,"[2] the SAC is otherwise devoid of any facts as to what benefit Plaintiff was qualified to participate in or receive from CDCR, how he was excluded from participation or denied such a benefit, and how such exclusion or denial of benefit or discrimination was because of his disability. (*See generally* Doc. No. 28). Thus, the undersigned finds no cognizable ADA claim is stated in the SAC.

**The SAC Fails to State Any Claim Regarding the RVR**

Plaintiff's claim that the RVR was false fails to state a cognizable constitutional claim. The filing of a false RVR by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), *aff'd* 453 F. App'x 751 (9th Cir. 2011); *Harper v. Costa*, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010). Thus, even assuming that the disciplinary report was false, it does not state a standalone constitutional claim. *Canovas v. California Dept. of Corrections*, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); *Lee v. Whitten*, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). "[T]he fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due

---

[2] According to the exhibit Plaintiff must be housed on the ground floor, in a lower bunk, has lifting restrictions of no more than 19 pounds, wears a mobility vest, eye glasses, and has a walker. (Doc. No. 28 at 26).

7

process, not error-free decision-making." *Jones v. Woodward*, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing *Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)); *see also Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections)..

Instead, there are only two ways for an inmate who alleges he has been subjected to a false disciplinary report to state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right; and (2) when the prisoner alleges that he or she was not afforded procedural due process in a proceeding concerning a false report. *Richardson v. Tuman*, No. 1:18-CV-01166-EPG-PC, 2019 WL 669569, at *6 (E.D. Cal. Feb. 19, 2019); *see Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."). More specifically, when a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

Neither of these situations are applicable here. The SAC contains no facts that the false RVR was filed in retaliation for Plaintiff's exercise of a constitutional right. *See Tuman*, No. 1:18-CV-01166-EPG-PC, 2019 WL 669569, at *6. Further, although Plaintiff states he was denied the opportunity to appeal the RVR, the exhibits belie this allegation. While the Court accepts the factual allegations in the SAC as true, it need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). The exhibit to Plaintiff's SAC demonstrates Plaintiff had a hearing, an opportunity to call witnesses

8

and appeared at his hearing on the RVR.  Thereafter, Plaintiff had an opportunity to challenge the finding of guilt and participate in the appeals process.  (Doc. No. 28 at 12-25).  Plaintiff does not allege that he was denied advance notice of the charge(s) against him, an opportunity to present evidence and call witnesses, or a written statement of the evidence relied upon and reasons for the imposed discipline.  Plaintiff also does not allege that the disciplinary decision lacked "some evidence."  Instead, Plaintiff complains that he was not afforded a rehearing on his RVR—essentially seeking a new trial.  The undersigned has located no caselaw that requires correctional institutions to afford an inmate a rehearing.  Nor do the due process safeguards set forth in *Wolff* command a second bite at the apple.  Thus, the undersigned finds the SAC fails to articulate any constitutional violation in relation to the RVR.

**Eighth Amendment Medical Deliberate Indifference Claim as to Chau Only**

To state a claim for medical deliberate indifference, plaintiff must allege that the medical need was "serious" by demonstrating that a failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain."  *Jett*, 439 F.3d at 1096 (internal quotation marks and citations omitted).  And plaintiff must show that defendants' response was deliberately indifferent by alleging that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."  *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).  Deliberate indifference is a higher standard than medical negligence or malpractice, and a difference of opinion between medical professionals—or between a physician and the prisoner—generally does not amount to deliberate indifference.  *See generally Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004).  Misdiagnosis alone is not a basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and a "mere delay" in treatment, "without more, is insufficient to state a claim of deliberate medical indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  Plaintiff must show that a delay "would cause significant harm and that Defendants should have known this to be the case."  *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).  A decision to avoid more effective medical treatment without a basis on professional judgment and instead based solely on cost may

1     amount to deliberate indifference. *Estelle*, 429 U.S. at 104; *see also Johnson v. Doughty*, 433 F.3d

2     1001, 1019 (7th Cir. 2006) (discussing that cost-based decisions may amount to deliberate

3     indifference in prisoner medical cases).

4           The SAC attributes Eighth Amendment liability to Defendant Chau for his refusal to treat

5     Plaintiff's "hot" swollen right knee. (Doc. No. 28 at 8). According to the SAC, Plaintiff was

6     brought to the medical center in a wheelchair because he was found on the floor of his cell. (*Id*.

7     at 7). Plaintiff states he was on the floor because his leg could no longer hold him upright. (*Id*.).

8     Plaintiff claims that his right knee was swollen and hot. (*Id*. at 7-8). Further, Plaintiff asserts that

9     he had a medical condition that Defendant Chau was aware of, and the swollen and hot right knee

10    was caused by Defendant Chau changing Plaintiff's prescription for pain medication. (*Id*. at 8).

11    As the nurse was bringing Plaintiff an ice pack for his knee after she examined him, Plaintiff

12    claims Defendant Chau took the ice pack from her and said, "he wasn't allowing [Plaintiff] <u>any</u>

13    treatment." (*Id*., emphasis added).

14          The undersigned recommends that the SAC be permitted to proceed on an Eighth

15    Amendment medical deliberate indifference claim against defendant Chau. Plaintiff asserts that

16    he had a serious medical condition—his legs could no longer hold him upright, his right knee was

17    hot and swollen, and correctional officials transported Plaintiff to the medical department via a

18    wheelchair. At this stage of the process, the Court finds Plaintiff's hot swollen leg qualifies as a

19    serious medical condition, especially since it is alleged that it caused Plaintiff to fall and

20    correctional officials deemed it serious enough to bring Plaintiff to the medical department by

21    wheelchair. Despite his apparent serious medical condition, Defendant Chau prevented a nurse

22    from giving Plaintiff an ice pack and then refused to render any medical treatment to Plaintiff.

23    Particularly troubling is that Defendant Chau refused to permit the nurse to give Plaintiff the ice

24    pack without even examining the Plaintiff's leg. At the screening stage, and accepting the

25    allegations as true, the above facts plausibly state a claim of deliberate indifference to Plaintiff's

26    serious medical needs as to Defendant Chau to survive the "low threshold" for a *sua sponte*

27    screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123;

28    *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("Deliberate indifference 'may appear

when prison official deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

The undersigned, however, finds the SAC fails to state a cognizable medical deliberate indifference claim against Defendant Mendez.  As it relates to Defendant Mendez, the SAC alleges only that Defendant Mendez told Plaintiff to "stand down" after he jumped off the table and began arguing with Dr. Chau.  Plaintiff suggests Defendant Mendez acted with deliberate indifference to his serious medical needs by not intervening when Defendant Chau did not allow Plaintiff to have an ice pack.  There are no allegations that Defendant Mendez, who is not a medical professional but a correctional officer, had the authority to order Dr. Chau to treat Plaintiff.  Nor are there any allegations that Defendant Mendez had knowledge of Plaintiff's serious medical condition where there was a substantial risk of serious harm to Plaintiff and disregarded the excessive risk to Plaintiff's health.

**FINDINGS AND RECOMMENDATIONS**

Based on the above, the undersigned finds Plaintiff's SAC states a cognizable claim against Defendant Chau for deliberate indifference of his serious medical needs in violation of the Eighth Amendment.  The SAC otherwise fails to state any other cognizable claims against any other defendants.  Despite being provided with relevant pleading and legal standards, and multiple opportunities, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is RECOMMENDED:

1. This action proceeds on Plaintiff's Second Amended Complaint against Defendant Chau on  Plaintiff's Eighth Amendment medical deliberate indifference claim against Defendant Chau.  (Doc. No. 28).

2. All other claims and Defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    November 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE