UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY LEON SCOTT,<br><br>                    Plaintiff,<br><br>     v.<br><br>B. JOHNSON, et al.,<br><br>                    Defendants. | Case No.  1:19-cv-01079-ADA-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>(ECF No. 29) |

Plaintiff Ricky Leon Scott ("Plaintiff") initiated this action as a prisoner proceeding *pro se* and *in forma pauperis* by filing a civil rights complaint under 42 U.S.C. §1983 on August 5, 2019.  (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 18, 2022, the Magistrate Judge filed Findings and Recommendations, which were served on Plaintiff and contained notice that objections to the Findings and Recommendations were to be filed within fourteen days.  (ECF No. 29).  The Magistrate Judge screened Plaintiff's Second Amended Complaint and recommend that Plaintiff may proceed with an Eighth Amendment medical deliberate indifference claim against Defendant Chau, but the Court must dismiss all other non-cognizable claims and Defendants.  (*Id*.).  Plaintiff filed Objections on December 13, 2022.  (ECF No. 30.)

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In his objections, Plaintiff argues that his procedural due process rights have been violated, relying on *Sandin v. Conner*, 515 U.S. 472 (1995). However, Plaintiff erroneously relies on *Sandin* because Plaintiff does not present the "type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. Plaintiff alleges that Defendants filed a false Rules Violation Report against him, but Plaintiff fails to allege any facts that the false report was filed in retaliation for Plaintiff's exercise of a constitutional right or that Plaintiff was not afforded the procedural due process in a proceeding concerning a false report. *See Richard v. Tuman*, No. 1:18-CV-01166-EPG-PC, 2019 WL 669569, at * 6 (E.D. Cal. Feb. 19, 20291). Plaintiff's exhibit attached to the complaint demonstrates that he had a hearing, an opportunity to call witnesses and appear at his hearing on the false report. (ECF No. 29 at 8-9.) Therefore, Plaintiff's case does not present the same or similar circumstances as in *Sandin v. Conner*.

The Court further agrees with the Magistrate Judge that Plaintiff fails to allege sufficiently a claim of ADA because Plaintiff fails to explain that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity due to his alleged disability. (ECF No. 29 at 6-7.) Therefore, the Court dismisses all claims, other than the Eighth Amendment medical deliberate indifference claim against Defendant Chau, and Defendants form this action based on Plaintiff's failure to state claims upon which relief may be granted.

///
///
///
///
///
///
///

Accordingly,

1. The Findings and Recommendations, (ECF No. 29), filed on November 18, 2022, are adopted in full.

IT IS SO ORDERED.

Dated:   January 25, 2023

UNITED STATES DISTRICT JUDGE