UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY LEON SCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>J. CHAU,<br><br>        Defendant. | Case No. 1:19-cv-01079-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 44) |

      Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 44). Plaintiff, a prisoner, is proceeding pro se on his Second Amended Complaint. (Doc. No. 28). The Court granted Plaintiff's application to proceed in this action *in forma pauperis* in this action. (Doc. No. 18). Plaintiff seeks appointment counsel because he cannot afford to pay for counsel, being imprisoned will hinder his ability to litigate, the issues of this case are complex, he has "limited access to the law library[,]" he has "limited knowledge of the law[,]" counsel would be better equipped than him to present evidence and cross examine witnesses, and his repeated efforts to obtain an attorney were unsuccessful. (Doc. No. 44).

      The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a

civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigency does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Plaintiff's challenges due to his incarceration are normal challenges faced by all prisoners and other pro se litigants and do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants."). Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Moreover, while the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Further, contrary to Plaintiff contention, this case is not a complex case. This case involves one medical deliberate indifference claim against Defendant Chau for allegedly failing to treat a swollen right knee. (Doc. No. 28 at 7-8). Thus, the Court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). Finally, although Plaintiff does not

have unfettered access to the law library, prisoners need only be provided with a meaningful access to the courts and there is no absolute right to use a prison law library. *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (*citing Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Finally, Plaintiff's inability to find counsel "is not a proper factor for the Court to consider in determining whether to request counsel." *Howard*, 2010 WL 1641087, at *2.

A review of the docket reveals, Plaintiff has capably filed motions and his claim has survived a screening to proceed. Plaintiff has not showed exceptional circumstances to warrant appointment of counsel at this stage of the proceedings.

Accordingly, it is **ORDERED**:

Plaintiff's motion requesting the appointment of counsel (Doc. No. 44) is DENIED.

Dated:   June 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3