UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LEON SCOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CHAU,<br><br>　　　　　Defendant. | Case No.  1:19-cv-01079-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No.  42)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is pro se Plaintiff's Motion for Judgment on the Pleadings filed April 27, 2023.  (Doc. No. 42, "Motion").  Defendant filed an opposition to the motion on May 18, 2023.  (Doc. No. 43).  Plaintiff did not file a reply and the time to do so has expired.  L.R. 230(l).  For the reasons set forth herein, the undersigned recommends the Motion be denied.

**BACKGROUND**

**A.  Summary**

Plaintiff Rickey Leon Scott is a state prisoner proceeding pro se on his second amended civil rights complaint against Defendant J. Chau.  (Doc. Nos. 28, 29, 31).  As screened, the Second Amended Complaint states a cognizable Eighth Amendment claim of medical deliberate indifferent to Plaintiff's medical needs against Defendant stemming from his refusal to treat Plaintiff for his leg pain while Plaintiff was incarcerated at North Kern State Prison.

Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Doc.

1  No. 42).  In support, Plaintiff's attaches Defendant's Waiver of Service of Summons, a copy so

2  his First Amended Complaint and this Court's Findings and Recommendations to Dismiss

3  Certain Claims and Defendants regarding Plaintiff's Second Amended Complaint.  Defendant

4  opposes the Motion on the basis that Plaintiff is not entitled to judgment as a matter of law

5  because Defendant denied Plaintiff's material allegations in his Answer.  (Doc. No. 43 at 1).

**DISCUSSION**

**A. Legal Standard**

8  "[J]udgment on the pleadings is properly granted when, taking all the allegations in the

9  pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel.*

10 *Coyne v. Stephen Slesinger, Inc.,* 430 F.3d 1036, 1042 (9th Cir.2005).  The burden is on the

11 moving party to establish on the face of the pleadings that there is no material issue of fact.  *Hal*

12 *Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

13 Because a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, courts

14 should apply the same standard.  *Dworkin v. Hustler Mag., Inc*., 867 F.2d 1188, 1192 (9th Cir.

15 1989).  In considering a Rule 12(c) motion, a court must limit its review to the pleadings and

16 "facts that are contained in materials of which the court may take judicial notice."  *Heliotrope*

17 *Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotation marks

18 and citations omitted).  A motion for judgment on the pleadings should only be granted if,

19 accepting as true all material allegations contained in the nonmoving party's pleadings, the

20 moving party "clearly establishes that no material issue of fact remains to be resolved and that he

21 [or she] is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co*., 727 F.2d

22 1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice

23 and Procedure § 1368 (1969)).  A motion for judgment on the pleadings cannot be granted if a

24 defendant's answer raises a fact or an affirmative defense, that if true, would defeat recovery.

25 *General Conference Corp. Of Seventh-Day Adventist v. Seventh-Day Adventist Congregational*

26 *Church*, 887 F. 2d 228, 230 (9th Cir. 1989).

27 ////

28 ////

**B. Analysis**

Plaintiff argues he is entitled to judgment on the pleadings because "the prison's nurses and doctors knew of Plaintiff's leg [] problems (the swelling of both legs) – yet disregarded evidence of complications." (Doc. No. 42 at 5). Plaintiff's Motion essentially reasserts the allegations raised in his Second Amended Complaint and otherwise quotes or cites to various cases and statutes. (*See generally id.*). And the various attachments to the Motion, including Defendant Chau's Waiver of Service of Summons, Plaintiff's non-operative complaint, and this Court's Findings and Recommendations do not constitute pleadings and cannot be considered in support of the Motion, to the extent even relevant. Fed. R. Civ. P. 7(a). Crucially, Plaintiff does not address Defendant's Answer, in which Defendant denied Plaintiff's material allegations. (*See* Doc. No. 40). More specifically,

> Defendant denies that Plaintiff's right leg was swollen during the April 12, 2018 medical encounter, or otherwise had symptoms consistent with elephantiatis (lymphatic filariasis).

(Doc. No. 40 at 4, ¶ i).

> Defendant denies that he refused to provide Plaintiff with any medical treatment, or otherwise stated that he was not allowing Plaintiff any medical treatment, on April 12, 2018. Plaintiff became argumentative during the April 12, 2018 clinical encounter, which terminated when Plaintiff attempted to attack Defendant with a cane on two occasions while Plaintiff was being medically evaluated.

(*Id.*, ¶ l).

> Defendant denies that Plaintiff was denied all pain management despite his complaints of right knee pain.

(*Id.*, ¶ o).

Defendant's allegations in his Answer must be accepted as true, and any allegations in Plaintiff's Second Amended Complaint that are denied in the Answer must be considered false. As the moving party, Plaintiff bears the burden to show there is no genuine dispute of material fact. Plaintiff fails to carry this burden. Plaintiff has not established that his version of events is the only plausible one. Because Defendant's Answer raises facts that, if true, would defeat Plaintiff's claim, the Motion must be denied.

////

3

Accordingly, it is **RECOMMENDED**:

Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 42) be DENEID.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     August 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4