UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY LEON SCOTT,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CHAU,<br><br>        Defendant. | Case No. 1:19-cv-01079-KES-HBK (PC)<br><br>ORDER DENYING MOTION TO VACATE DEPOSITION<br><br>(Doc. No. 56) |

Pending before the Court is Plaintiff's pleading titled "Motion to Vacate Deposition of Feb. 20 & 21, 2024 By Attorney General," filed on February 28, 2024. (Doc. No. 57, "Motion"). In it, Plaintiff asks the Court to "vacate" his deposition, which was held on February 20 and 21, 2024, schedule a new deposition with a Court stenographer present, and impose sanctions on Defense counsel for preventing the stenographer from providing Plaintiff a copy of his deposition transcript. (*Id*. at 2). Defendant filed an Opposition, which includes the Declaration of Defense Counsel Judith Gronna and related exhibits. (*See* Doc. No. 58). Plaintiff did not file a reply and the time to do so has elapsed. Local Rule 230(l). The Court denies Plaintiff's Motion.

**BACKGROUND**

Plaintiff proceeds on his Eighth Amendment deliberate indifference claim against Defendant under 42 U.S.C. § 1983 as screened. (*See* Doc. No. 31). On February 20-21, 2024, Plaintiff was deposed by Defendant's counsel, Deputy Attorney General Judith Gronna. (*See*

Doc. Nos. 56, 58). At the conclusion of the two-day deposition, Plaintiff states the stenographer asked him if he wanted a copy of the deposition transcript, and Plaintiff alleges counsel for Defendant "refuse[d] to allow" the stenographer to send Plaintiff a copy. (*Id*. at 2).

In the Opposition, Defense Counsel disputes this characterization of events. She states:

> Following the conclusion of Plaintiff's deposition on February 21, 2024, and after the record had been closed, Ms. Glover inquired as to how she should effectuate Plaintiff's review of the deposition transcript. Based on my understanding of the Federal Rules of Civil Procedure, I indicated that any request to review the transcript should have been made by Plaintiff on the record before his deposition ended. Ms. Glover did not advise Plaintiff that he was entitled to a free copy of his deposition transcript to keep for his personal records; nor did Ms. Glover advise that defense counsel was responsible for facilitating Plaintiff's review of his deposition transcript.

(Doc. No. 58-1 at 2 ¶ 6). Despite Plaintiff failing to timely request review of the deposition transcript, on March 6, 2024, Aptus Court Reporting sent Plaintiff two letters, attached to Defendant's Opposition, instructing him to review copies of the transcript and note any errors. (*Id*. at 4-7). In an abundance of caution, Defense Counsel also sent Plaintiff copies of the transcripts and instructed him to indicate any errors, then return the copies within 30 days. (*Id*. at 9-11).

## APPLICABLE LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 30(e)(1)

Under Federal Rule of Civil Procedure 30(e)(1), on request by the deponent before the deposition has ended, the deponent may review the transcript or recording within thirty-days after being notified by the officer that the transcript is available. Fed. R. Civ. Pro. 30(e)(1); *see also Mosely v. Nangalama*, 2014 WL 1877459, at *1 (E.D. Cal. May 9, 2014) ("A court reporter is required to provide the plaintiff-deponent with a provisional copy of his deposition transcript only if plaintiff requests 'to review it before the conclusion of his deposition.'"). Federal Rule of Civil Procedure 30(f)(3) also requires the court reporter, not a defendant, to "furnish a copy of the transcript . . . to [] the deponent" when paid reasonable charges. Fed. R. Civ. Pro. 30(f)(3). Indeed, "[a] defendant is not required to provide the plaintiff with a copy of his deposition transcript," *Bos. v. Garcia*, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013), and the court itself

cannot use public funds to provide a transcript to a deponent, *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

**B. Discussion**

Liberally construed, Plaintiff's Motion contends that because Defense Counsel failed to furnish Plaintiff with a free copy of his deposition transcript or permit him to review the transcript pursuant to Rule 30(e), the Court should essentially strike the concluded deposition, order a new deposition be held with the Court's stenographer present, and impose sanctions on Defense counsel. (Doc. No. 56 at 2). The undisputed facts asserted in Defense Counsel's declaration indicate that Plaintiff did not properly request to review the transcript prior to the conclusion of the deposition, as required by Rule 30(e)(1). Nor did Defense Counsel act improperly to the extent she advised Plaintiff he was not entitled to a free copy of the deposition transcript.

Even if, under these facts, Plaintiff had not been afforded the opportunity to review the deposition transcript, this would not warrant nullifying the deposition. *See e.g. Dixie v. Amarillas*, 2023 WL 3431274, at *2 n.3 (C.D. Cal. Mar. 8, 2023) ("To the extent Plaintiff argues that Defendants' counsel failed to provide him with a copy of his deposition transcript after offering to do so, this does not show a violation of Rule 30(e) and does not warrant striking the deposition transcript from the record."); *Lopez v. Thomas*, 2023 WL 350387, at *3 n.1 (N.D. Cal. Jan. 20, 2023) (rejecting plaintiff's argument that his deposition should be stricken from the record, reasoning that plaintiff had failed to request any changes under Rule 30(e) or explain the reasons for such changes); *Arellano v. California Dep't Corr. & Rehab.*, 2022 WL 934135, at *3 (E.D. Cal. Mar. 29, 2022), report and recommendation adopted, 2022 WL 2791994 (E.D. Cal. July 15, 2022) (denying plaintiff-deponent's motion to suppress his deposition testimony on the grounds that he was not afforded the opportunity to review and sign his deposition transcript under Rule 30(e)).

Further, given that Plaintiff was afforded an opportunity to review the transcript, both by Aptus Court Reporting on March 6, 2024, and by Defense Counsel on March 14, 2024, any argument to that effect is moot. Given that Plaintiff has not demonstrated any violation of Rule 30(e), the Court finds no basis for striking the deposition and ordering another deposition, which

would needlessly delay this case and cause a waste of the Parties' resources.  Nor does the Court find that that sanctions are warranted given that it finds no wrongdoing by Defense Counsel.  *See Thibodeau v. ADT, LLC*, 2018 WL 1449514, at *1 (S.D. Cal. Jan. 8, 2018) (finding that, even if a violation of Rule 30(e) occurred, there was no legal authority to justify the "drastic sanctions" of barring the use of deponent's deposition testimony, disciplining the opposing counsel, or disciplining the deposition officer).

Accordingly, it is **ORDERED**:

Plaintiff's Motion (Doc. No. 56) is DENIED.

Dated:   March 27, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE